IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| IGLESIA DEL DIOS VIVIENTE,<br>*Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| THE OHIO CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| KENDALL JONES, | § | |
| *Defendant.* | § | |

## DEFENDANTS THE OHIO CASUALTY INSURANCE COMPANY AND KENDALL JONES'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants The Ohio Casualty Insurance Company ("Ohio") and Kendall Jones ("Jones")

files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

### I.
### INTRODUCTION

1.     Plaintiff Iglesia Del Dios Viviente ("Plaintiff") commenced this lawsuit on July

19, 2017, by filing Plaintiff's Original Petition ("Petition") in the 192nd District Court of Dallas

County, Texas.

2.     Plaintiff's Petition names The Ohio Casualty Insurance Company ("Ohio") and

Kendall Jones ("Jones")  as Defendants. Jones was an adjuster assigned to Plaintiff's insurance

claim made the basis of this lawsuit.

3.     Plaintiff's Petition includes the following causes of action against both Ohio and

Jones:

DEFENDANTS NOTICE OF REMOVAL
1

- Breach of contract;
- Unfair Settlement Practices under §541.060(a) of the Texas Insurance Code;
- Prompt Payment of Claims violations under Chapter 542 of the Texas Insurance Code; and
- Breach of the common law duty of good faith and fair dealing [1]

4.      Jones has not been served with Plaintiff's Petition.  Ohio was served with Plaintiff's Petition on August 3, 2017.

5.      Ohio and Jones files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6.      Jones need not consent to removal as Ohio contends that Jones was improperly joined. However, to the extent necessary, Jones consents to this Notice of Removal as the undersigned attorneys represent both Ohio and Jones.

II.
**BASIS  FOR REMOVAL**

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Ohio.**

9.      Plaintiff is an individual conducting business in the State of Texas.  Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[1] *See Plaintiff's Petition p.3-8).*

DEFENDANTS NOTICE OF REMOVAL
2

10.    Ohio is an insurance carrier organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Ohio is a citizen of Massachusetts for diversity jurisdiction purposes.

11.    Jones is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Jones in this lawsuit. Jones's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Ohio (now and on the date Plaintiff filed this lawsuit).

(i)    *Plaintiff improperly joined Jones to defeat this Court's diversity jurisdiction.*

12.    A defendant such as Jones is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[2] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4]

13.    Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[5] This requires Plaintiff to plead

---

2 *Smallwood. v Ill. Cent. RR Co.*, 385 F.3d 568,573 (5th Cir. 2004) (en bane).

3 *See id.*

4 *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

5 *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas,* 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the standard to be applied, the Fifth Circuit has most recently held that federal courts should use the

DEFENDANTS NOTICE OF REMOVAL

"enough facts to state a claim to relief that is plausible on its face."[6] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

14.     As set forth below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against Jones in this lawsuit. Each cause of action asserted against Jones only details a speculative and hypothetical right to recovery.

    *(ii)*   ***Plaintiff has no reasonable possibility of recovery against Jones for violations of Chapter 541 of the Texas Insurance Code.***

15.     Plaintiff's Petition alleges that Jones committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(l) - misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) - failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) - failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) - refusing to pay a claim without conducting a reasonable
  - investigation.[8]

---

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

6  *Petree,* 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)).

7  *Twombly,* 550 U.S. at 555.

8  *See* Plaintiff's Original Petition at pp. 5-7.

DEFENDANTS NOTICE OF REMOVAL

16.     However, the courts of this District have found each of these *exact* allegations insufficient to

support an independent cause of action against adjusters like Jones.[9] Texas law permits claims

adjusters to be held individually liable for violations of the Texas Insurance Code.[10] "But for

an adjuster to be held individually liable, [he] must have committed some act that is prohibited

by the [Code], not just be connected to an insurance company's denial of coverage.[11] In other

words, an adjuster cannot be held individually liable for violations of the Texas Insurance

Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual

damages arising from the carrier's alleged breach of contract.[12] Absent actual damages, other

than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter

541 of the Texas Insurance Code.[13]

17.     Here, Plaintiff's Petition includes a group of alleged statutory violations under Chapter 541 of

the Texas Insurance Code against Jones, but the Petition fails to explain how Jones' alleged

conduct gave rise to any injury distinct from unpaid Ohio policy benefits. Instead, the crux of

Plaintiff's factual allegations against Jones relate directly to unpaid policy benefits. Plaintiff's

factual allegations against Jones repeatedly highlight the

---

[9]     *See, e.g., Together 6 LLC v. Burlington Ins. Co.,* 2015 WL 1 1120522, at *3 (N.D. Tex. Apr. 22, 2015)
(Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1),
(a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

[10]    *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[11]    *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code,
an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the
insurer's actions." *Aguilar v. State Farm Lloyds,* No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex.
Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the
statute, not just be connected to an insurance company's denial of coverage." *Id.*

[12]    *See, e.g., Charla D. Aldous, PC v. Lugo,* No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov.
12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to
recover under the Texas Insurance Code.").

[13]    *See, e.g., Messersmith,* 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster
for, in part, lack of independent injury).

DEFENDANTS NOTICE OF REMOVAL
5

"improper denial" of policy benefits, largely through a coverage letter issued by Jones that set forth Ohio's coverage determination. [14] Plaintiff has not pied any facts demonstrating an additional and independent injury, meaning Plaintiff does not have a reasonable possibility of recovery against Jones under Chapter 541 of the Texas Insurance Code.

> **(iii)   *Plaintiff has no reasonable possibility of recovery against Jones for violations of Chapter 542 of the Texas Insurance Code.***

18.   Plaintiff has no reasonable possibility of recovery with respect to its claims against Jones under Chapter 542 of the Texas Insurance Code - *i.e., Texas*' Prompt Payment of Claims Act. Plaintiff's Petition seeks recovery from Jones for alleged violations of Sections 542.055, 542.056, and 542.058.[15] However, as the courts of this District have aptly noted, "the Prompt Payment of Claims Act applies only to *insurers*"- not individual adjusters like Jones. [16] As a result, Plaintiff's Petition fails to assert a viable cause of action against Jones under any section of Chapter 542 of the Texas Insurance Code.

---

[14]   *See, e.g.,* Plaintiffs Original Petition at p. 7.

[15]   *See* Plaintiffs Original Petition at pp. 7.

[16]   *Messersmith,* 10 F. Supp. 3d at 723 (N.D. Tex. 2014); Tex. Ins. Code§ 542.052.

---

### (iv)    *Plaintiff has no reasonable possibility of recovery against Jones for breach of contract and breach of the duty of good faith and fair dealing.*

Plaintiff's claims against Jones for breach of contract and breach of the duty of good faith also fail. Plaintiff entered into an insurance contract with Ohio, not Jones. "Generally, if an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal."[17] And further, "a duty of good faith and fair dealing does not exist in the insurance context without a contract creating a special relationship between the parties."[18] As held by the Supreme Court of Texas, the general rule is that there is no viable claim for common law bad faith in the absence of a breach of contract. Because Plaintiff has no reasonable possibility of recovery against Jones for breach of contract, Plaintiff also has no viable cause of action against Jones for breach of the duty of good faith and fair dealing. [19]

19.    Accordingly, Jones was acting within the scope of his authority, and Plaintiff has not pled any facts to show that Jones should be personally liable on the insurance contract between Plaintiff and Ohio.

-------------------------

[17] *French v. State Farm Ins. Co.,* 156 F.R.D 159, 162 (S.D. Tex. 1994).

[18] *Zimmerman v. Travelers Lloyds of Texas Ins. Co.,* 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015).

[19] *See Republic Ins. Co. v. Stroker,* 903 S.W.2d 338,341 (Tex. 1995).

> **(v)**   ***Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.***

20.   Not only has Plaintiff failed to demonstrate a reasonable possibility of recovery from Jones, but Plaintiff's Petition also bears a "badge of improper joinder" recognized by some Court.[20] In particular, Plaintiff has no "plausible reason for suing [Jones] other than to defeat diversity jurisdiction."[21]   There is no credible reason why a favorable judgment on Plaintiff's claims against Ohio (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by Plaintiff against Jones would provide any financial gain to Plaintiff."[22] Because the core of Plaintiff's Petition is that Ohio failed to pay what Plaintiff feels it is owed under the Ohio policy, it is clear that Plaintiff's claims against Jones are intended solely to deprive this Court of jurisdiction.

---

[20]   *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.).

[21]   *See Plascencia* at 15-18.

[22]   *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:0l-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

**B.**     **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

21.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest,

costs, and attorney's fees, Ohio's burden to establish that the amount in controversy exceeds this

Court's jurisdictional threshold is satisfied.[23]

22.     Here, Plaintiff's Petition states that Plaintiff seeks to recover over $100,000.[24]

It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of

$75,000.

## III.
## CONCLUSION

23.     Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims

asserted against Jones. Accordingly, Jones' citizenship should be disregarded for purposes of

determining diversity. Because diversity of citizenship exists between Plaintiff and Ohio, and

the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

24.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the

clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

25.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are

attached to (or filed with) this Notice:

    a.     an index of all documents that clearly identifies each document and indicates

    the date the document was filed in state court;

---

[23]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[24]     Plaintiff's Original Petition at p. 2.

      b.      a copy of the docket sheet in the state court action;

      c.      each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and

      d.      a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

26.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

      WHEREFORE, Defendants The Ohio Casualty Insurance Company and Kendall Jones requests that this action be removed from the 192nd District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By:    _____

David L. Chumbley
State Bar No. 24012069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
E-mail: davidchumbleypc@gmail.com
**ATTORNEY FOR DEFENDANTS**
**THE OHIO CASUALTY INSURANCE COMPANY**
**AND KENDALL JONES**

## CERTIFICATE OF SERVICE

I hereby certify that on *September 1, 2017*, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Marc Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217

_____

David L. Chumbley

DEFENDANTS NOTICE OF REMOVAL
11