IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IGLESIA DEL DIOS VIVIENTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE OHIO CASUALTY INSURANCE | ) | |
| COMPANY, and KENDALL JONES, | ) | |
| | ) | |
| Defendants. | ) | Civil Action No. 3:17-CV-2338-C |

## ORDER

On this day the Court considered:

(1)  Plaintiff Iglesia Del Dios Viviente's Opposed Motion to Remand, filed
September 29, 2017; and

(2)  Defendants' Brief in Response, filed October 20, 2017.

Having considered the foregoing, the Court is of the opinion that Plaintiff's Motion

should be **GRANTED**.

### I. BACKGROUND

Plaintiff, Iglesia Del Dios Viviente, owns a commercial property in Seagoville, Texas,

that is covered by an insurance policy issued by Defendant Ohio Casualty Insurance Company

(Ohio Casualty).  On March 29, 2017, a storm allegedly caused damage to Plaintiff's property,

prompting her to make a claim under the policy.  This lawsuit arose after Plaintiff alleged that

Defendant Ohio Casualty and Defendant Kendall Jones (an insurance adjuster) conducted an

inadequate and outcome-oriented investigation of Plaintiff's claim, failed to report all damages to

the property noted in the inspection, and undervalued the damages to Plaintiff's property. Defendant Ohio Casualty timely removed to this Court on the basis of diversity jurisdiction, asserting that Jones was improperly joined and that his Texas citizenship should thus be disregarded. Plaintiff now moves for remand.

## II. STANDARD

The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Where charges of improper joinder are used to establish diversity jurisdiction, the removing party has the heavy burden of proving the improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). This can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Mumfrey*, 719 F.3d at 401. To prove an allegation of improper joinder, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The existence of even a single valid cause of action against an in-state defendant requires remand. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

The Court need not decide whether the plaintiff will actually, or even probably, prevail on the merits but must look only for a possibility that the plaintiff *may* do so. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). If there is any possibility that a plaintiff may prevail against the non-diverse defendant in state court, then a good faith assertion of such an expectancy is not a sham and is not fraudulent in fact or in law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (internal quotations and citations omitted).

## III. DISCUSSION

The law is now settled in the Fifth Circuit that federal courts evaluating a motion to remand for improper joinder must apply the *federal* 12(b)(6) plausibility standard—rather than the state pleading standard—to determine whether the plaintiff has pleaded a valid claim for relief against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.*, 818 F.3d 193, 202 (5th Cir. 2016). Accordingly, the Court conducts a 12(b)(6)-style review of Plaintiff's Original Petition to determine whether the claims asserted against Defendant Jones meet the *Twombly/Iqbal* plausibility standard. *Id.*

Plaintiffs' specific[1] allegations against Jones in the Original Petition include the following:

> ¶ 11. KENDALL JONES was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

---

[1]The Court disregards pleadings that are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

¶ 13. Moreover, OHIO CASUALTY and JONES performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

¶ 27. . . . With regard to the adjuster Defendant named herein [Jones], Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061, and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster [Jones] also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, business income and other extra expenses associated with damage caused by a wind/hail storm. . . . The named Defendant adjuster [Jones] acted with actual awareness that said Defendant adjuster [Jones] was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster [Jones] prepared. . . . The Defendant adjuster [Jones] misled Plaintiff.

¶ 28. Further, the above named adjuster in this litigation [Jones] committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster [Jones] undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. . . . The above named adjuster in this suit [Jones] conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.

¶ 29. Specifically, JONES, Claim Professional for OHIO CASUALTY, stated after completion of the April 12, 2017 inspection, wherein Plaintiff's damage was undervalued on the basis that ". . . the covered loss does not exceed the deductible."

Pl.'s Orig. Pet. 3, 6–7.

4

The Supreme Court of Texas has held that independent bad conduct by an insurance company's employee or agent may give rise to individual liability under Chapter 541 of the Texas Insurance Code because the individual is engaging in the business of insurance and is therefore a "person" under the language of the statute. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); Tex. Ins. Code §§ 541.002–541.003. Accordingly, the United States Court of Appeals for the Fifth Circuit has recognized that an insurance company's employee is not improperly joined when that employee engages in the business of insurance and is subsequently sued in their personal capacity under Chapter 541. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). However, just because Jones may legally be subjected to individual liability does end the analysis; the Court must still determine whether Plaintiff's pleadings offer a reasonable basis to predict that Plaintiff may recover against Jones in state court. *Gibson v. Liberty Ins. Corp.*, No. 3:16-CV-3099-B, 2017 WL 3268028, at \*9 (N.D. Tex. Jul. 31, 2017) (Boyle, J.).

Ohio Casualty argues that Plaintiff's pleadings against Jones, no matter how detailed, fail to establish any independent liability of Jones under state law. For an adjuster to be individually liable to an insured, "they have to have committed some act that is prohibited by the [Insurance Code], not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Ohio Casualty contends that, similar to the claims made in *Messersmith* and in *Ministerio*, Plaintiff's allegations against Jones in this case do not provide a basis to conclude that Jones would be liable for any independent violations of the Insurance Code under Texas law. *See id*. at 724–25; *Ministerio*

5

*Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at \*3–4

(N.D. Tex. Oct. 4, 2016) (Fitzwater, J.).

The Court disagrees and finds that Plaintiff's individual allegations against Jones are

sufficient to plausibly plead a claim under Chapter 541 of the Insurance Code. It is true that there

is currently a split of authority within the Fifth Circuit, and even among the judges of this Court,

concerning the extent of an individual adjuster's liability under Texas Insurance Code § 541.060.

*See, e.g., Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the U.S., Forth*

*Worth, Tex. v. Convington Specialty Ins. Co.*, No. 3:16-CV-3112-B, 2017 WL 1929124, at \*3–4

(N.D. Tex. May 10, 2017) (Boyle, J.) (concluding that an individual adjuster may be liable under

§ 541.060 and noting the current split of authority on this issue); *Hooper v. Allstate Texas*

*Lloyd's*, No. 4:17-CV-2038, 2017 WL 4475931, at \*3 (S.D. Tex. Oct. 6, 2017) (noting the split

of authority among federal district courts and commenting that "[t]he weight of authority favors

the courts holding that adjusters may be found individually liable under § 541.060.").[2]

---

[2]*See also Exchange Servs., Inc. v. Seneca Ins. Co.*, No. 3:15-CV-1873-M, 2015 WL 6163383, at \*5 (N.D. Tex. Oct. 16, 2015) (Lynn, J.) (finding that a Plaintiff had stated valid claims against an adjuster where a state court petition claimed that an adjuster made numerous errors in estimating the value of a claim designed to intentionally minimize and underpay the loss incurred by a plaintiff; estimated payment far below the repair costs; conducted an incomplete investigation; and failed to provide a reasonable explanation as to why the plaintiff would not be compensated for the value of the covered loss); *New Life Assembly of God v. Church Mut. Ins. Co.*, No. 2:15-CV-051-J, 2015 WL 2234890 at \*6–8 (N.D. Tex. May 12, 2015) (Robinson, J.) (concluding that allegations were sufficient to state a claim against adjuster by pleading that the adjuster conducted substandard investigation and inspection of property, prepared report that failed to include all damages noted in inspection, undervalued damages observed in inspection, performed an outcome-oriented investigation that led to biased evaluation, and failed to provide reasonable explanation for denial of claim); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at \*8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.) (holding that a plaintiff's allegations were sufficient to state a claim against an adjuster where the plaintiff pleaded adjuster failed to provide a reasonable explanation for the insurer's denial of claim, refused to conduct a reasonable investigation, and did not act in good faith).

But the undersigned is mindful that all ambiguities in the controlling state law must be resolved in favor of the plaintiff and that any doubts regarding jurisdiction must be strictly construed in favor of remand. *Davidson*, 819 F.3d at 765; *Lucien*, 756 F.3d at 793. Given the current split of authority discussed above, the Court is of the opinion that Ohio Casualty has failed to meet its burden to show that there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against Jones. *Smallwood*, 385 F.3d at 573. Accordingly, Jones has not been improperly joined, and (given his Texas residency) federal diversity jurisdiction does not exist. The case must be remanded.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion to Remand is **GRANTED** and the above-styled and -numbered civil action is **REMANDED** to the 192nd Judicial District Court of Dallas County, Texas. The Clerk of this Court shall mail a certified copy of this order to the District Clerk of Dallas County, Texas.

SO ORDERED this 13th day of December, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE